UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DENNIS LAMONT MILLER,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.
                                      /

No. C 11-0686 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has not opposed the motion. For the reasons set out below, the motion will be granted.

**DISCUSSION**

    Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

Petitioner was sentenced in March of 2008.  He completed direct review on December 8, 2009, when the time to petition the United States Supreme Court for certiorari expired.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition).  The time for him to file his petition here thus expired on December 9, 2010.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;"  absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).  He did not file until January 28, 2011, however, applying the "prison mailbox rule".  The petition therefore is untimely.

## CONCLUSION

Respondent's motion to dismiss (document number 8 on the docket) is **GRANTED**.  The petition is **DISMISSED**.  Because there is no dispute about the dates involved and, based on those dates, the petition clearly was untimely, a certificate of appealability ("COA") is **DENIED**.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.11\Miller0686.dsm-sl.wpd

2